[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14596
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00516-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ESTANISLAO BACA-SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 18, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Jorge Estanislao Baca-Sanchez appeals his 57-month sentence for presence in the United States following deportation subsequent to an aggravated-felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2). He argues that the district court clearly erred in failing to apply a two-level acceptance-of-responsibility reduction to his Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1. For the reasons set forth below, we affirm.

## I.

Baca-Sanchez, a native and citizen of Nicaragua, first entered the United States in October 1982. His application for asylum was denied in October 1983, but he did not leave the United States voluntarily. In February 2000, he pled *nolo contendere* to the aggravated felony of possession of a firearm by a convicted felon, and he was deported to Nicaragua in May 2002. He reentered the United States later that year. In October 2009, federal agents came into contact with Baca-Sanchez while he was detained at a county jail in Florida. He was indicted on one count of being found in the United States following deportation subsequent to an aggravated-felony conviction, in violation of § 1326(a), (b)(2), and proceeded to trial.

The government presented six witnesses at trial, three of whom Baca-Sanchez cross-examined. He also testified on his own behalf, describing the

2

1980s civil war in Nicaragua in which he allegedly fought, his unsuccessful asylum application, and his desire to live "the American way." When asked whether he had returned to the United States voluntarily, he said, "They make me, you know. There's too much trouble over there. I had fighting there, and the guy fighting, said they would kill me." On cross-examination, he admitted that he had been deported. He said at first that he did not know whether he was a convicted felon, then admitted to his prior felonies and offered justifications for his conduct. He said that he had returned to the United States because it is safe and his family is here. When asked whether he had sought permission to return to the United States, he stated, "I want to, but I was waiting the past 10 years." The government reiterated that he had not sought permission, to which Baca-Sanchez replied, "Well, I apologize for that." The jury found Baca-Sanchez guilty.

The probation office calculated a total offense level of 16, pursuant to U.S.S.G. § 2L1.2(a), (b)(1)(C). It did not apply an acceptance-of-responsibility reduction pursuant to § 3E1.1, on grounds that Baca-Sanchez had pled not guilty, he had proceeded to trial, and there was no other information indicating that he had accepted responsibility. As Baca-Sanchez was in criminal history category VI, he faced a guideline range of 46-57 months' imprisonment.

Baca-Sanchez objected that he was entitled to a two-level reduction for

acceptance of responsibility. At the sentencing hearing, counsel stated that Baca-Sanchez had chosen to exercise his right to trial rather than concede because he fears for his life if he returns to his home country. Baca-Sanchez added that he had lived in the United States for almost 30 years and that he had tried to change his life, but he "got in trouble" and went back to jail. He suggested that he might have "bad luck." Counsel argued that Baca-Sanchez had never denied the elements of the offense and had cooperated with law enforcement. She believed that a two-level acceptance-of-responsibility reduction was appropriate.

The court found that Baca-Sanchez admitted the elements of the offense when he took the witness stand and essentially asked for a jury pardon, but prior to trial, he denied the essential elements of the offense. He required the court to impanel a jury and the government to introduce six witnesses. Additionally, the court was "not sure there[ had] ever been any . . . remorse." The court overruled the objection and sentenced Baca-Sanchez to 57 months' imprisonment.

## II.

"We review a denial of a reduction of sentence for an acceptance of responsibility for clear error, and that finding is entitled to great deference on review and should not be disturbed unless it is without foundation." *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir.), *cert. denied*, 130 S.Ct. 192 (2009)

(quotation marks omitted). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." § 3E1.1, comment. (n.2). In rare circumstances, a defendant who goes to trial may nevertheless clearly demonstrate an acceptance of responsibility for his criminal conduct, such as where the defendant goes to trial to assert and preserve constitutional or legal challenges that do not relate to factual guilt. *Id.* In such instances, the determination of whether the defendant has accepted responsibility will be based primarily on his pretrial statements and conduct. *Id.*

The district court does not clearly err in denying a reduction where the defendant contests his guilt of all of the charges against him and attempts to minimize his role despite ample proof to the contrary, *United States v. Caraballo*, 595 F.3d 1214, 1233 (11th Cir. 2010), or where he attempts to avoid a factual determination of guilt by challenging the evidence and waiting until the eve of trial to stipulate to the elements of the crime, *see Knight*, 562 F.3d at 1328.

Baca-Sanchez went to trial, requiring the government to call six witnesses, three of whom Baca-Sanchez cross-examined. Despite whatever information he might have given law enforcement officers during the investigation, he did not

stipulate any facts supporting an element of the offense prior to trial. He does not suggest that he proceeded to trial only to preserve an appeal of an issue such as a constitutional, legal, or evidentiary ruling. Rather, he sought to minimize his conduct and to persuade the jury to acquit him based on his alleged fear of returning to Nicaragua. Counsel told the sentencing court that Baca-Sanchez had chosen to go to trial rather than concede his guilt because he thought an acquittal would prevent his deportation. The district court described Baca-Sanchez's testimony as essentially a request for a jury pardon, and it found that Baca-Sanchez had never expressed remorse for his conduct. The record indicates that he never apologized or showed contrition for his conduct, except that, when pressed during cross-examination, he apologized for having failed to seek permission to return to the United States.

Thus, Baca-Sanchez put the government to its proof, denied the essential elements of the offense until well into the trial, attempted to minimize his conduct and to avoid a determination of factual guilt, and arguably failed to express remorse. *See* § 3E1.1, comment. (n.2); *Caraballo*, 595 F.3d at 1233; *Knight*, 562 F.3d at 1328. Under the circumstances, the district court did not clearly err in finding that Baca-Sanchez had failed to accept responsibility within the meaning of § 3E1.1. *See Knight*, 562 F.3d at 1328.

For the foregoing reasons, we affirm Baca-Sanchez's sentence.

**AFFIRMED.**